**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In re:

Jay Christian Dean,                         Case No. 18-35976-KLP
                                                    Chapter 13

         Debtor.

## MEMORANDUM OPINION AND ORDER

Debtor Jay Christian Dean (the "Debtor") filed this chapter case on November 28, 2018. On August 14, 2019, the Court held a hearing on the objections filed by the Chapter 13 trustee (the "Trustee") and Cassandra Dean to confirmation of the Debtor's amended Chapter 13 plan (the "Amended Plan") filed on June 12, 2019. The Court also addressed the motions of both Cassandra Dean and the Trustee to dismiss the Debtor's case, as well as Cassandra Dean's motion to convert the case to chapter 7. The Debtor did not oppose denial of confirmation, indicating that he intended to file a modified Chapter 13 plan. The Debtor opposed dismissal or conversion.

The Trustee seeks dismissal pursuant to § 1307(a)(1) of the Bankruptcy Code, 11 U.S.C. § 1307(c)(1), "for unreasonable delay that is prejudicial to creditors due to the debtor(s) having failed to address Objections by the Trustee and creditor(s) after filing three plans." Cassandra Dean seeks dismissal or conversion due to the Debtor's "filing multiple, patently defective, erroneous plans," asserting that those actions constitute "unreasonable delay prejudicial to creditors." In addition, she

cites the Debtor's failure to pay "a post-petition domestic support obligation, an ongoing $936.15 a month payment on spousal support arrears . . . ."

At the conclusion of the hearing, the Court sustained the objections to confirmation and took under advisement the dismissal and conversion motions.[1] In accordance with the Court's bench ruling, on August 15, 2019, the court entered an order denying confirmation of the Amended Plan. The order provided that the Debtor's case would be dismissed pursuant to Local Bankruptcy Rule 3015-2 unless a modified plan was filed no later than September 5, 2019.

During the August 14 hearing, the parties asked the Court, and the Court agreed, to take judicial notice of items appearing on the case docket, including a transcript of the Section 341 meeting of creditors held in this case, a copy of a Memorandum of Agreement dated December 21, 2015, between the Debtor and his son, and a copy of the final decree of divorce between the Debtor and Cassandra Dean dated August 2, 2017. The parties also asked the Court, and the Court agreed, to take judicial notice of (1) the docket in the instant case, (2) the docket in Case No. 14-31782-KLP, the Debtor's prior bankruptcy case, and (3) the docket in Case No. 14-31405-KLP, a bankruptcy case filed by the Debtor's business, Virginia Pizza Partners, LLC. The Debtor's brief testimony and the transcript of the Section 341 Meeting of Creditors were the only testimony offered at the hearing. Neither the Trustee nor Cassandra Dean called any other witnesses to testify.

---

[1] At the Court's direction, the parties submitted memoranda in support of their positions on dismissal or conversion.

The parties agree that pursuant to the prepetition final decree of divorce, the Debtor is obligated to pay ongoing spousal support payments of $3300 per month to Cassandra Dean and that the Debtor is current in these payments. The parties also agree that the final decree of divorce requires the Debtor to pay the sum of $936.15 per month toward a prepetition arrearage in spousal support and that the Debtor has failed to keep these payments current postpetition.[2] The Trustee acknowledges that the Debtor has made monthly payments to him pursuant to the terms of the Debtor's unconfirmed plans.

---

[2] A chapter 13 case may be dismissed under § 1307(c)(11) of the Bankruptcy Code if a debtor fails to pay a domestic support obligation "that first becomes payable after the date of the filing of the petition." Cassandra Dean asserts that each monthly installment of the prepetition arrearage becomes due only in the month the installment payment would be payable under the divorce decree's installment schedule and that therefore, because the Debtor has not made any monthly arrearage payments postpetition, he has failed to pay a domestic support obligation "that first becomes payable after the date of the filing of the petition." Accordingly, she argues, his case should be dismissed. The Debtor counters that the prepetition arrearage may be paid through his chapter 13 plan because the entire arrearage amount first became payable prepetition.

The Court does not agree with the position taken by the Debtor and will not dismiss the case based upon § 1307(c)(11). While the Court has been provided with no case law in this jurisdiction that is directly on point, it notes with approval the recent case of *In re Guttierez*, 595 B.R. 516 (Bankr. E.D. La. 2018). In that case, the debtor had an obligation to pay his ex-wife's attorney fees, which constituted a domestic support obligation as contemplated in § 1307(c)(11). That obligation was set forth in a prepetition stipulated judgment, which established a schedule for the payment of the $100,000 award. In addition to the payment of two lump sum amounts, the debtor was required to pay the remaining $50,000 in $1000 monthly installments. Before the installments were completed, however, the debtor filed a chapter 13 case. As here, the debtor contended that the entire amount was a prepetition debt that was not subject to the provisions of § 1307(c)(11). After a lengthy analysis, the court agreed, holding that "the amount owed is a present monetary award." *Id*. at 523. The court noted that "[p]ayments over time do not make the Stipulated Judgments uncertain." *Id*. Likewise, in the instant case, the obligation accrued prior to the bankruptcy filing and may therefore be paid pursuant to Paragraph 3C of the Debtor's chapter 13 plan.

3

The Trustee argues that his objections to the Debtor's previous plans were based on various omissions and misstatements contained in the Debtor's Form 122C-1, the "Chapter 13 Statement of . . . Current Monthly Income and Calculation of Commitment Period" (commonly referred to as the Means Test), leading to the Debtor's inability to propose a confirmable plan. The Trustee lists the deficiencies contained in each of the five plans that rendered them unconfirmable. He argues that the Debtor has repeatedly filed amended plans, generally on the eve of confirmation hearing dates, that do not adequately address issues of concern. He also points out that the Debtor has failed to act on his objection to the claim of the Internal Revenue Service. He maintains that grounds exist to dismiss a chapter 13 case for unreasonable delay when a debtor is not able to present a confirmable plan after five attempts, particularly when the unconfirmable plans have "similar flaws." The Trustee contends that the debtor "has . . . no reasonable or significant ability to correct the impediments to getting this plan confirmed."

Cassandra Dean points to the defects in each of the Debtor's unconfirmed plans and contends that his "actions in filing multiple, patently defective, erroneous plans constitute unreasonable delay prejudicial to creditors" by denying creditors the ability to receive payments on their claims during the nine months following the petition date. She argues that the Debtor's previous unsuccessful chapter 13 bankruptcy case (Case No. 14-31782-KLP)[3] is additional evidence of unreasonable

---

[3] The case was originally filed as a chapter 11 case on April 3, 2014, but was converted to chapter 13 on January 12, 2017. The case was dismissed on April 6, 2017.

4

delay that has prejudiced her.  She further points to apparent discrepancies and omissions in the Debtor's schedules as evidence of the Debtor's bad faith.

In response, the Debtor chronicles his efforts to respond to the Trustee's request for information and maintains that he has attempted in good faith to address the concerns over plan provisions.  He disputes the Trustee's contention that he has engaged in unreasonable delay or has failed to timely respond to requests for information.  At the hearing on August 14, counsel for the Debtor candidly acknowledged that many of the problems associated with the unconfirmed plans were attributable to her rather than her client, including one occasion in which she mistakenly filed the same plan twice.  The record reflects that counsel's contrition is justified and, while it does not excuse the lack of progress in this case, it is a factor that the Court will take into consideration.

Section 1307 of the Bankruptcy Code governs dismissal of a chapter 13 case. That section provides that "on request of a party in interest . . . the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C. § 1307(c). "The burden of proof under § 1307(c) of the Bankruptcy Code rests with the moving party." *In re White*, 542 B.R. 762, 771 (Bankr. E.D. Va. 2015).  Whether to grant the motion is within the bankruptcy court's discretion.  When "evaluating whether there has been unreasonable delay [by the debtor] which is prejudicial to creditors, the court must consider whether the debtor has engaged in some form of unreasonable delay, and whether the delay has

5

been prejudicial." *Stevenson v. TND Homes I, LP (In re Stevenson)*, 583 B.R. 573, 580 (B.A.P. 1st Cir. 2018) (quoting *Zareas v. Bared Espinosa (In re Bared Espinosa)*, Adv. No. 04-0298, 2006 WL 3898379, at *4 (Bankr. D.P.R. Jan. 27, 2006)). At the hearing held August 14, Cassandra Dean admitted that this is a subjective standard.

The Trustee argues that the Debtor's failure to obtain a confirmed plan after five failed attempts, as reflected by the docket in this case, per se constitutes unreasonable delay that is sufficient cause for dismissal under § 1307(c)(1). Courts have found that continuing to afford a debtor the benefit of the automatic stay when the debtor cannot propose a confirmable plan is prejudicial to his creditors. *See, e.g., Paulson v. Wein (In re Paulson)*, 477 B.R. 740, 745-46 (B.A.P. 8th Cir. 2012), *aff'd*, 524 F. App'x 306 (8th Cir. 3013)[4]; *In re Merhi*, 518 B.R. 705, 719-20 (Bankr. E.D.N.Y. 2014).

With each failed attempt to obtain confirmation of a chapter 13 plan, the resulting delay increases the harm to creditors.[5] At this stage, the Court finds that the moving parties have not carried their burden of proving unreasonable delay or the resulting prejudice. The Court must base its decision solely on the evidence.

---

[4] The Eighth Circuit, in affirming *Paulson v. Wein (In re Paulson)*, 477 B.R. 740 (B.A.P. 8th Cir. 2012), remarked that that "Bankruptcy Court did not abuse its discretion in dismissing the petition because [the debtor's] repeated filing of inadequate plans of reorganization prejudiced his creditors." 524 F. App'x 306, 307 (8th Cir. 2013).

[5] Under § 1326(a) of the Bankruptcy Code, 11 U.S.C. § 1326(a), a debtor is required to begin making plan payments within 30 days of filing a proposed plan. 11 U.S.C. § 1326(a). However, the payments are retained by the chapter 13 trustee until confirmation. 11 U.S.C. § 1326(b). *In re White*, 542 B.R. 762, 771 (Bankr. E.D. Va. 2015). A delay in confirmation therefore corresponds to a delay in the distribution of payments to creditors.

6

The numerous statements by counsel, both in court and in their memoranda, do not constitute evidence. The actual evidence surrounding the Debtor's inability to obtain confirmation of a plan, his acts or omissions with respect to the Trustee and the impact on creditors and parties in interest is sparse.

Neither the trustee nor Cassandra Dean has offered sufficient evidence to prove their contentions that the Debtor has been uncooperative or that a confirmable plan is unattainable. While the Court is cognizant of the length of time the case has been pending without confirmation of a plan, it does not find that the delay arising from the Debtor's previous failed attempts to obtain a confirmed plan is so unreasonable and prejudicial that the case should be dismissed or converted solely because of that delay.

On September 4, 2019, the Debtor filed an amended Chapter 13 plan (the "New Plan") and an amended Form 122C-1.[6] The Court will grant the Debtor this additional opportunity to obtain confirmation of a plan. The New Plan, at least on its face, may be confirmable, and the trustee and Cassandra Dean may review the New Plan and object to its confirmation as they see fit. A confirmation hearing on the New Plan will be held on October 23, 2019, at which the Court will provide the parties with the opportunity to argue in support of any objections to the New Plan they may have filed and to present evidence in support thereof. Should

---

[6] On August 21, 2019, the Debtor withdrew his objection to the proof of claim filed by the Internal Revenue Service, and on August 27, he withdrew his objection to Cassandra Dean's proof of claim.

7

confirmation of the New Plan be denied, the Court will entertain renewed motions to dismiss or convert.

For the foregoing reasons,

IT IS ORDERED that the motion to dismiss filed by Chapter 13 Trustee Carl Bates, the motion to dismiss filed by Cassandra Dean, and the motion to convert filed by Cassandra Dean are DENIED without prejudice.

Signed: September 11, 2019         /s/ Keith L. Phillips
United States Bankruptcy Judge

ENTERED ON DOCKET: September 11, 2019

Copies:

James H. Wilson, Jr.
4860 Cox Road, Suite 200
Glen Allen, VA  23060

United States Trustee
701 E. Broad Street, #4304
Richmond, VA  23219

Carl M. Bates
Chapter 13 Trustee
P. O. Box 1819
Richmond, VA  23218

Jacqueline W. Critzer
Bowen Ten Cardani, PC
3957 Westerre Pkwy., #105
Richmond, VA 23233-1319

Jay Christian Dean
2400 Cascade Meadow Dr.
Midlothian, VA  23112-4292